```
               UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| GENEVIEVE CUNNINGHAM,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF NEW JERSEY, et al.,<br><br>    Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL NO. 03-4970 (JEI)<br><br>**OPINION** |

**APPEARANCES**:
BARRY, CORRADO, GRASSI & GIBSON, P.C.
By: Frank L. Corrado, Esq.
Joseph C. Grassi, Esq.
2700 Pacific Avenue
Wildwood, New Jersey 08620
    Counsel for Plaintiff.

ARCHER & GREINER, P.C.
By: Joel Schneider, Esq.
Tracy Asper Wolak, Esq.
One Centennial Square
Haddonfield, New Jersey 08033
    Counsel for Defendant Correctional Medical Services, Inc.


**IRENAS**, Senior District Judge:

    The instant action arises the termination of Plaintiff Genevieve Cunningham's employment as a prison-based infectious diseases counselor after the New Jersey Department of Corrections revoked her security clearance permitting her access to state correctional facilities. Presently before the Court is the Second Motion to Dismiss by Defendant Correctional Medical Services ("CMS").

I.

Plaintiff filed a Complaint against the State of New Jersey, the New Jersey Department of Corrections, Devon Brown, Charles Leone, Donna Klepper (collectively "State Defendants"), CMS, and several fictitious defendants on October 21, 2003.  Plaintiff alleged various federal and state constitutional and statutory violations arising from the termination of her employment with the South Jersey AIDS Alliance, an organization contracted by the New Jersey Department of Health and the New Jersey Department of Corrections to provide infectious disease counseling services in state correctional facilities.

Plaintiff was initially represented by Bernard J. McBride, Esq.  Mr. McBride instituted the lawsuit and served the State Defendants at some point in December, 2003.[1]  (Cohen Cert., Ex. A)  Mr. McBride became incapacitated due to unspecified medical and personal problems not long after the State Defendants were served, and subsequently abandoned his legal practice.[2]  Plaintiff tried repeatedly and unsuccessfully to contact Mr. McBride.

Plaintiff eventually sought replacement counsel, and

---

[1]The docket does not show that summonses were issued or returned executed for the State Defendants.  They filed a joint Answer and Counterclaim against CMS on April 26, 2004.

[2]By early March, 2004, Mr. McBride's office telephone service was disconnected.  (Cohen Cert., Ex. B)

contacted Barry Cohen, Esq., in May, 2004.  Mr. Cohen agreed to represent Plaintiff.  He made multiple unsuccessful attempts to contact Mr. McBride in order to obtain Plaintiff's file. Plaintiff also sent a letter to Mr. McBride on June 5, 2004, terminating his services and asking him to transfer her file to Mr. Cohen.  (Cohen Cert., Ex. E)  Mr. McBride did not respond to Plaintiff's letter or Mr. Cohen's correspondence.

Mr. Cohen also contacted the Attorney General's office and Magistrate Judge Ann Marie Donio regarding the situation with Mr. McBride.  Mr. Cohen informed the Court that Plaintiff was unaware of the status of her case due to Mr. McBride's failure to respond to any communications, including whether CMS had been served or had filed any responsive pleadings. (Cohen Cert., Ex. D)

Mr. Cohen participated in a June 8, 2004, scheduling conference on Plaintiff's behalf, after learning of the conference from the Attorney General's office.  Following the conference, Mr. Cohen sent a substitution of attorney form to Mr. McBride.  Mr. McBride did not respond to Mr. Cohen's request or any further attempts at communication.

On October 1, 2004, Mr. Cohen and the Attorney General received a letter from William F. Zeigler, Esq., who had been appointed by the Superior Court to serve as Attorney Trustee over the files of Mr. McBride due to Mr. McBride's "temporary

inability to practice law due to medical reasons."[3] (Cohen Cert., Ex. I)  Mr. Zeigler asked Mr. Cohen to contact him to arrange for the transfer of Plaintiff's file.  (Id.)  Mr. Cohen replied and the file was sent to him on October 25, 2004.  (Cohen Cert., Ex. J)  On November 3, 2004, Mr. Cohen was officially substituted as Plaintiff's attorney.

Magistrate Judge Donio issued a Management Order on November 8, 2005, ordering Plaintiff to serve CMS within ten days. (Docket No. 10) A summons was issued for CMS on November 9, 2004. CMS was served on November 16, 2004.

On January 3, 2005, CMS filed its first Motion to Dismiss on several grounds, including that service was untimely.[4]  Plaintiff filed an Amended Complaint on March 24, 2005.  CMS filed a Second Motion to Dismiss on April 6, 2005, solely on the ground that service was untimely because CMS was not served within the 120-day period required by Fed. R. Civ. P. 4(m).

## II.

CMS filed its Second Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(5), which authorizes a district court to dismiss a

---

[3]Judge George F. Stanger, Jr., of the Superior Court, Law Division, Cumberland County, issued an order appointing Mr. Zeigler and Mark Cimino, Esq., as trustees on September 9, 2004. (Pl. Opp. CMS First Mot. to Dismiss, Ex. A)

[4]As a result of the filing of the Amended Complaint, the Court will dismiss this motion as moot.

4

case if service of process was insufficient.  The party responsible for effecting service has the burden of demonstrating the validity of service.  *Grand Entm't Group v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993); *Suegart v. United States Customs Service*, 180 F.R.D. 276, 278 (E.D. Pa. 1998).

Rule 4(m) sets out the period of time in which a defendant must be served with a summons and a copy of the complaint.  The rule provides that:

> If the service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

The Third Circuit has held that when entertaining a motion challenging service of process under Rule 4(m), a district court must first determine if good cause exists for an extension of time for service.  *Petrucelli v. Bohringer and Ratzinger, GMBH*, 46 F.3d 1298, 1305 (3d Cir. 1995).  If the plaintiff can demonstrate good cause, the district court must extend the time period for service of process.  *Id.*  If no good cause exists, "the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service."  *Id.*

5

**III.**

In determining whether there is good cause for the extension of the time for service under Rule 4(m), district courts should consider: "(1) reasonableness of plaintiff's efforts to serve (2) prejudice to the defendant by lack of timely service and (3) whether plaintiff moved for an enlargement of time to serve." *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995)(citing *United States v. Nuttall*, 122 F.R.D. 163, 166-67 (D. Del. 1988)); *see also Spencer v. Steinman*, 968 F. Supp. 1011, 1014-15 (E.D. Pa. 1997). After consideration of each of the above factors, the Court concludes that Plaintiff has shown good cause for her failure to serve CMS within the 120-day period required by Rule 4(m).

The inadvertence or lack of diligence of counsel are generally insufficient to establish good cause for the extension of the time period for service of process. *See Petrucelli*, 46 F.3d at 1307. This case, however, falls outside the realm of mere inadvertence. Mr. McBride abandoned his representation of Plaintiff very early on in the prosecution of her Complaint. The record reveals that he did not communicate with his client, opposing counsel or the Court for almost a year before Mr. Cohen was officially substituted as Plaintiff's counsel. The situation was so grave that the Superior Court felt it necessary to assign control over Mr. McBride's legal practice to a trustee.

By contrast, Plaintiff's efforts to pursue the prosecution of her case were diligent and reasonable. She was compelled by Mr. McBride's lack of communication and deficient performance to seek new counsel. Plaintiff individually and through Mr. Cohen made many unsuccessful attempts to contact Mr. McBride to determine the status of her case and to acquire her case file. She has kept the Court informed of the situation and sought to remedy it by seeking new counsel. Upon receiving her case file from the Attorney Trustee, she promptly served CMS.

With regard to the second factor, CMS has not alleged that it was prejudiced by the delayed service of process, much less presented any evidence to that effect. The fact that CMS would have to defend against a lawsuit that would otherwise be dismissed is not sufficient by itself to establish prejudice.[5] "[P]rejudice 'involves impairment of defendant's ability to defend on the merits, rather than foregoing such a procedural or technical advantage.'" *Boley v. Kaymark*, 123 F.3d 756, 759 (3d Cir. 1997)(citation omitted).

Plaintiff never filed a motion to extend the time for service, although such a failure to file such a motion is not by itself fatal to her position. *See Nuttall*, 122 F.R.D. at 167.

---

[5]If the Court were to grant the motion of CMS, Plaintiff's federal claims brought under 42 U.S.C. § 1983 would be barred by New Jersey's two year statute of limitations. N.J.S.A. § 2A:14-2.

L. Civ. R. 11.1 mandates that the attorney of record personally sign all papers submitted to the Court or filed with the Clerk. Until Mr. Cohen was formally substituted as her counsel on November 3, 2004, any motions on Plaintiff's behalf required the signature of Mr. McBride, her attorney of record. Given Mr. McBride's failure to respond to any communication from Plaintiff, it is highly unlikely she could have procured his signature on a motion to extend the time for service.[6]

The District of Delaware noted in *Nuttall* that "the third good cause factor is simply a subset of the first factor, which considers the diligence and reasonableness of plaintiff's efforts." *Id.* As in that case, this Court concludes that despite her failure to file a motion to extend the time for service, Plaintiff acted in a fashion that was "eminently reasonable and diligent." *Id.*

Having found that good cause is present under Rule 4(m), the Court will extend the time for service of the original Complaint until November 16, 2004, the date when service of the original Complaint was made on CMS.

---

[6]Five days after Mr. Cohen was named her attorney of record, Magistrate Judge Donio issued the Management Order directing Plaintiff to serve CMS within ten days. Plaintiff served CMS on November 16, 2004.

**IV.**

For the reasons set forth above, the Court will dismiss as moot Defendant CMS's First Motion to Dismiss and deny the Second Motion to Dismiss.  The Court will enter an appropriate order.


Date:   September  12 , 2005


                                             s/*Joseph E. Irenas*
                                             JOSEPH E. IRENAS
                                             Senior United States District Judge